**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

2005 APR 20   AM II: 42

UNITED RENTALS HIGHWAY
TECHNOLOGIES, INC.,
1006 East Michigan Street
Indianapolis, IN 46202

    Plaintiff,

    v.

INDIANA CONSTRUCTORS, INC.,
1 North Capitol, Suite 300
Indianapolis, IN 46204,

LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, STATE OF INDIANA
DISTRICT COUNCIL,
425 South 4th Street
Terre Haute, IN 47807,

LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, LOCAL UNION 41,
6415 Kennedy Avenue
Hammond, IN 46323,

LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, LOCAL UNION 81,
253 South Washington Street
Valparaiso, IN 46383,

LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, LOCAL UNION 120,
1520 North Riverside Drive East
Indianapolis, IN 46202,

LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, LOCAL UNION 204,
401 Poplar Street
Terre Haute, IN 47807,

SOU..........OT
OF INDIANA
LAURA A. BRIGGS
CLERK

Civil Action No.

**1:05-cv-0571-SEB-VSS**

LABORERS' INTERNATIONAL UNION OF     :
NORTH AMERICA, LOCAL UNION 213,      :
5700 S. Anthony Boulevard            :
Fort Wayne, IN 46806,                :
                                     :
LABORERS' INTERNATIONAL UNION OF     :
NORTH AMERICA, LOCAL UNION 274,      :
1734 Main Street                     :
Lafayette, IN 47904,                 :
                                     :
LABORERS' INTERNATIONAL UNION OF     :
NORTH AMERICA, LOCAL UNION 561,      :
951 North Park Drive                 :
Evansville, IN 47710,                :
                                     :
LABORERS' INTERNATIONAL UNION OF     :
NORTH AMERICA, LOCAL UNION 645,      :
2015 W. Western Avenue, Suite 140    :
South Bend, IN 46629,                :
                                     :
LABORERS' INTERNATIONAL UNION OF     :
NORTH AMERICA, LOCAL UNION 741, :
7745 South Fairfax Road              :
Bloomington, IN 47401,               :
                                     :
LABORERS' INTERNATIONAL UNION OF     :
NORTH AMERICA, LOCAL UNION 795,      :
1213 State Street                    :
New Albany, IN 47150,                :
                                     :
LABORERS' INTERNATIONAL UNION OF     :
NORTH AMERICA, LOCAL UNION 1047,     :
1010 South 9th Street                :
PO Box 38                            :
Richmond, IN 47374,                  :
                                     :
LABORERS' INTERNATIONAL UNION OF     :
NORTH AMERICA, LOCAL UNION 1112,     :
115 West 20th Street                 :
Muncie, IN 47302,                    :
                                     :
       Defendants.     :

2

## COMPLAINT

Plaintiff United Rentals Highway Technologies, Inc. ("United Rentals"), by way of its complaint against defendants Indiana Constructors, Inc. ("ICI") and Laborers' International Union of North America, State of Indiana District Council, Laborers' International Union of North America, Local Union 41, Laborers' International Union of North America, Local Union 81, Laborers' International Union of North America, Local Union 120, Laborers' International Union of North America, Local Union 204, Laborers' International Union of North America, Local Union 213, Laborers' International Union of North America, Local Union 274, Laborers' International Union of North America, Local Union 561, Laborers' International Union of North America, Local Union 645, Laborers' International Union of North America, Local Union 741, Laborers' International Union of North America, Local Union 795, Laborers' International Union of North America, Local Union 1047, and Laborers' International Union of North America, Local Union 1112 (hereinafter collectively referred to as "Laborers"), alleges:

### INTRODUCTION

1.     This case seeks redress for an illegal, on-going conspiracy among Defendant Laborers, Defendant ICI, and the employer entities who are members of ICI (hereinafter "ICI Contractors") in violation of the Sherman Antitrust Act and state laws. The object of the conspiracy is the Defendants' abuse of their market power over the State of Indiana's highway construction work market to exclude United Rentals from the State of Indiana's highway traffic control work market. The Defendants' illegal actions have had the purpose, intent and effect of reducing and eliminating competition for highway traffic control work. The Defendants' actions have prevented and shall prevent United Rentals from being awarded highway traffic control work in the State of Indiana, thereby reducing and eliminating competition. Defendants' actions

3

created a group boycott and/or concerted refusal to deal with United Rentals. In addition,

Plaintiff seeks redress under Section 303 of the Labor-Management Relations Act, 29 U.S.C. §

187, due to Defendant Laborers' coercive conduct in violation of Section 8(b)(4) of the National

Labor Relations Act, 29 U.S.C. § 158(b)(4). United Rentals also has alleged that Defendants

tortiously interfered with United Rentals' prospective economic advantage.

PARTIES

2.      Plaintiff United Rentals is a Massachusetts corporation with its principal place of

business in Greenwich, Connecticut. Plaintiff United Rentals is engaged in and its activities

substantially affect interstate commerce.

3.      Defendant ICI is an Indiana corporation with its principal place of business in

Indianapolis, Indiana. Defendant ICI is a trade association that acts as a multi-employer

bargaining agent, which represents its members in collective bargaining with Defendant

Laborers, and other labor unions.

4.      Defendant Laborers International Union of North America, State of Indiana

District Council (hereinafter "District Council") is an unincorporated labor organization

representing workers throughout the State of Indiana through local unions chartered by the

Laborers International Union of North America through its headquarters in Washington, D.C.

Duly authorized officers and agents of District Council are engaged in representing or acting for

employee members in this judicial district and throughout the State of Indiana. District Council

represents the highway construction employees of the ICI Contractors. District Council has its

principal place of business in Terre Haute, Indiana.

5.      Defendant Laborers' International Union of North America, Local 41 ("Local

41") is an unincorporated labor organization. Defendant Local 41 is a constituent affiliated

4

member of District Council. Duly authorized officers and agents of Defendant Local 41 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana. Upon information and belief, Defendant Local 41 represents highway construction employees of the ICI Contractors. Defendant Local 41 has its principal place of business in Hammond, Indiana.

6.      Defendant Laborers' International Union of North America, Local 81 ("Local 81") is an unincorporated labor organization. Defendant Local 81 is a constituent affiliated member of District Council. Duly authorized officers and agents of Defendant Local 81 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana. Upon information and belief, Defendant Local 81 represents highway construction employees of the ICI Contractors. Defendant Local 81 has its principal place of business in Valparaiso, Indiana.

7.      Defendant Laborers' International Union of North America, Local 120 ("Local 120") is an unincorporated labor organization. Defendant Local 120 is a constituent affiliated member of District Council. Duly authorized officers and agents of Defendant Local 120 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana. Upon information and belief, Defendant Local 120 represents highway construction employees of the ICI Contractors. Defendant Local 120 has its principal place of business in Indianapolis, Indiana.

8.      Defendant Laborers' International Union of North America, Local 204 ("Local 204") is an unincorporated labor organization. Defendant Local 204 is a constituent affiliated member of District Council. Duly authorized officers and agents of Defendant Local 204 are engaged in representing or acting for employee members in this judicial District and throughout

5

the State of Indiana.  Upon information and belief, Defendant Local 204 represents highway construction employees of the ICI Contractors.  Defendant Local 204 has its principal place of business in Terre Haute, Indiana.

  9.  Defendant Laborers' International Union of North America, Local 213 ("Local 213") is an unincorporated labor organization.  Defendant Local 213 is a constituent affiliated member of District Council.  Duly authorized officers and agents of Defendant Local 213 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana.  Upon information and belief, Defendant Local 213 represents highway construction employees of the ICI Contractors.  Defendant Local 213 has its principal place of business in Fort Wayne, Indiana.

  10.  Defendant Laborers' International Union of North America, Local 274 ("Local 274") is an unincorporated labor organization.  Defendant Local 274 is a constituent affiliated member of District Council.  Duly authorized officers and agents of Defendant Local 274 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana.  Upon information and belief, Defendant Local 274 represents highway construction employees of the ICI Contractors.  Defendant Local 274 has its principal place of business in Lafayette, Indiana.

  11.  Defendant Laborers' International Union of North America, Local 561 ("Local 561") is an unincorporated labor organization.  Defendant Local 561 is a constituent affiliated member of District Council.  Duly authorized officers and agents of Defendant Local 561 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana.  Upon information and belief, Defendant Local 561 represents highway

construction employees of the ICI Contractors. Defendant Local 561 has its principal place of business in Evansville, Indiana.

12.     Defendant Laborers' International Union of North America, Local 645 ("Local 645") is an unincorporated labor organization. Defendant Local 645 is a constituent affiliated member of District Council. Duly authorized officers and agents of Defendant Local 645 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana. Upon information and belief, Defendant Local 645 represents highway construction employees of the ICI Contractors. Defendant Local 645 has its principal place of business in South Bend, Indiana.

13.     Defendant Laborers' International Union of North America, Local 741 ("Local 741") is an unincorporated labor organization. Defendant Local 741 is a constituent affiliated member of District Council. Duly authorized officers and agents of Defendant Local 741 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana. Upon information and belief, Defendant Local 741 represents highway construction employees of the ICI Contractors. Defendant Local 741 has its principal place of business in Bloomington, Indiana.

14.     Defendant Laborers' International Union of North America, Local 795 ("Local 795") is an unincorporated labor organization. Defendant Local 795 is a constituent affiliated member of District Council. Duly authorized officers and agents of Defendant Local 795 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana. Upon information and belief, Defendant Local 795 represents highway construction employees of the ICI Contractors. Defendant Local 795 has its principal place of business in New Albany, Indiana.

15.     Defendant Laborers' International Union of North America, Local 1047 ("Local 1047") is an unincorporated labor organization. Defendant Local 1047 is a constituent affiliated member of District Council. Duly authorized officers and agents of Defendant Local 1047 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana. Upon information and belief, Defendant Local 1047 represents highway construction employees of the ICI Contractors. Defendant Local 1047 has its principal place of business in Richmond, Indiana.

16.     Defendant Laborers' International Union of North America, Local 1112 ("Local 1112") is an unincorporated labor organization. Defendant Local 1112 is a constituent affiliated member of District Council. Duly authorized officers and agents of Defendant Local 1112 are engaged in representing or acting for employee members in this judicial District and throughout the State of Indiana. Upon information and belief, Defendant Local 1112 represents highway construction employees of the ICI Contractors. Defendant Local 1112 has its principal place of business in Muncie, Indiana.

JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 15, 15 U.S.C. § 26, 29 U.S.C. § 187(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

18.     Venue is proper in this district pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391, because defendants are found in this district, defendants transact business in this district, and a

substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in this district.

19.     The Defendants are engaged in and their activities substantially affect interstate commerce.

## THE RELEVANT MARKET

20.     The relevant service market affected by Defendants' illegal actions is the market for highway traffic control work.

21.     The relevant geographic market affected by the Defendants' illegal actions is the State of Indiana.

## FACTS

22.     Defendant ICI, through ICI Contractors, controls nearly all of the highway construction work in the State of Indiana.   Defendants ICI and Laborers therefore possess market power in the market for highway construction work in the State of Indiana.

23.     The ICI Contractors perform the actual highway construction and/or maintenance work.  The ICI Contractors do not perform traffic control work.  ICI Contractors subcontract traffic control work to highway traffic control companies, including Plaintiff United Rentals.

24.     Plaintiff United Rentals has two offices in Indiana – one in Indianapolis and one in Wanatah.  These two offices have jurisdiction over the entire state of Indiana, although the majority of Plaintiff United Rentals' business in Indiana is concentrated in the upper 2/3 of the State.

25.     Plaintiff United Rentals performs highway traffic control work in the State of Indiana, and has contracted with many of the ICI Contractors to perform this work on the ICI Contractors' highway projects.  United Rentals regularly executes contracts with ICI Contractors

9

that incorporate the prime contract between the owner and ICI Contractor, thereby establishing privity of contract between United Rentals and the owner. The owner is usually a governmental entity.

26.     Plaintiff United Rentals' highway traffic control work consists of supporting road construction work being performed by highway construction contractors by providing traffic control for the purposes of the safety of the motoring public and the construction workers working on the highway. This work involves the delivery of barricades, barrels, traffic delineation devices, signage before the construction begins, and arrow boards and other messaging devices either before or during the construction process. Plaintiff United Rentals delivers the equipment, places it where instructed by the contractor, and picks up the equipment when the contractor no longer needs it. The traffic control work also includes striping which involves the placement of temporary or permanent pavement markings. United Rentals' traffic control work is not considered "on-site construction work" as that term has been defined under the National Labor Relations Act ("NLRA"). United Rentals' employees are only at the site for approximately one hour on average per project; the majority of their time is spent driving between sites or at United Rentals' property loading and unloading equipment. If barricades or barrels need to be moved during the construction work, ICI Contractors normally move the equipment.

27.     The substantial majority of United Rentals' revenue from traffic control work in Indiana is from contracts with member companies of Defendant ICI.

28.     Plaintiff United Rentals currently has approximately 135 active awarded contracts with ICI Contractors in the State of Indiana. Plaintiff United Rentals has also bid on several

10

projects with ICI Contractors that may not be completed until 2006. In addition, Plaintiff United Rentals has bid on projects with ICI Contractors that are not scheduled to start for 6-8 months.

29. Plaintiff United Rentals has a collective bargaining relationship with United Construction Workers, Local 18, Christian Labor Association of the U.S.A. ("Local 18" or "CLA"). CLA was certified by the National Labor Relations Board on June 28, 1996, pursuant to Section 9 of the NLRA, as the exclusive collective bargaining representative for United Rentals' full-time traffic control employees. As such, United Rentals does not have a NLRA Section 8(f) pre-hire agreement. Accordingly, unlike in a Section 8(f) relationship, United Rentals would not be legally able to abandon CLA upon the expiration of its current collective bargaining agreement with CLA. Plaintiff United Rentals' current collective bargaining agreement with CLA is effective from January 1, 2003 through December 31, 2005.

30. United Rentals does not have a collective bargaining relationship with Defendant Laborers.

31. United Rentals has approximately seven competitors for highway traffic control work in the State of Indiana. Upon information and belief, one of these competitors, NES, has a bargaining relationship with Defendant Laborers but is not a party to the ICI-Laborers 2004 collective bargaining agreement. Upon information and belief, United Rentals' other competitors for traffic control work do not have a bargaining relationship with Defendant Laborers.

32. On April 16, 1999, Defendants ICI and Laborers entered into an Agreement, effective April 1, 1999 through March 31, 2004 (hereinafter "1999 Agreement"). ICI Contractors and Defendants Local 41, Local 81, Local 120, Local 204, Local 213, Local 274,

Local 561, Local 645, Local 741, Local 795, Local 1047 and Local 1112 are bound to the 1999

Agreement.

      33.     The 1999 Agreement covered "highway construction" work, which was defined

as:

> construction, modifications, additions or repairs of road and streets (including roads and streets in housing projects) and construction incidental thereto; alleys, guard rails, fences, parkways, parking lots and parking areas; rest parks, airports, bridle paths, grading and/or draining of athletic fields to an outlet for the field; highway bridges; grade separations involving highways; all conduit and duct construction, sewage and waterworks improvements incidental to street and highway improvements, government defense projects, industrial and commercial projects, including schools and other governmental projects.
>
> Airports, government defense projects, industrial and commercial projects, schools and governmental projects as used herein shall mean all work in connection with grading, drainage and paving and shall not refer to the erection of buildings.

      34.     Historically, and under the 1999 Agreement, Defendant Laborers did not perform

highway traffic control work. Accordingly, highway traffic control work is not within the scope

of work of the 1999 Agreement.

      35.     The 1999 Agreement contained a "Sub-Contractor" clause, stating:

> ICI-LRD encourages its members to utilize sub-contractors who are signatory to collective bargaining agreements with the Laborers Union. Such sub-contractors help to promote the peace and harmony of the job-site and to avoid labor dispute interruption of work. To help facilitate the utilization of signatory sub-contractors, each Contractor shall inquire of each of its sub-contractors whether such Contractor is signatory to an agreement with the Laborers, and if not, the Contractor shall notify the Laborers Union of the name, address and telephone number of such sub-contractor prior to the commencement of work by the sub-contractor who is not signatory.
>
> Further, any contractor awarded a portion of the job-site work of a signatory Employer performing job-site construction work covered by this Agreement, shall pay wages, fringe benefit contributions, and abide by all terms and working conditions set forth in this Agreement while such sub-contractor is on the project.

36. Plaintiff United Rentals is not a party to the 1999 Agreement, nor was it legally bound by the Sub-Contractor clause in the 1999 Agreement. United Rentals was never subject to an enforcement action by the Defendant Laborers nor did any ICI member seek its compliance. Plaintiff United Rentals was always able to bid on traffic control and other work for ICI Contractors.

37. United Rentals did not pay wages consistent with the terms of the 1999 Agreement, and United Rentals did not contribute to the Defendant Laborers fringe benefit funds.

38. On April 15, 2004, Defendants ICI and Laborers entered into an Agreement effective April 1, 2004 through March 31, 2009 (hereinafter "2004 Agreement"). ICI Contractors and Defendants Local 41, Local 81, Local 120, Local 204, Local 213, Local 274, Local 561, Local 645, Local 741, Local 795, Local 1047 and Local 1112 are bound to the 2004 Agreement.

39. Similar to the 1999 Agreement, the 2004 Agreement did not include highway traffic control work within the scope of work covered by the 2004 Agreement and Defendant Laborers did not perform such work under the 2004 Agreement. A copy of the Coverage clause is attached as Exhibit A.

40. The 2004 Agreement contains a new "Sub-Contractor" clause which states as follows:

The Employer shall not contract any work covered by this Agreement to be done at the site of construction, alterations, repairs or any new construction or any other work to any person, firm or company that does not have an existing labor agreement or will not sign an agreement, with the Union covering such work within the scope of this Agreement.

A copy of the Sub-Contractor clause is attached as Exhibit B.

13

41.     In April 2004, Defendant Laborers decided to expand the scope of their work to include, for the first time, highway traffic control work.

42.     In furtherance of their agreement to combine and conspire to restrain trade and eliminate competition in the traffic control market, in approximately August 2004, Defendants ICI and Laborers entered into a Memorandum of Understanding ("MOU") regarding the Sub-Contractor clause contained in the 2004 Agreement. A copy of the MOU is attached hereto as Exhibit C. ICI Contractors and Defendants Local 41, Local 81, Local 120, Local 204, Local 213, Local 274, Local 561, Local 645, Local 741, Local 795, Local 1047 and Local 1112 are bound to the MOU.

43.     The MOU recognized that "some of the contractors for whom [Defendant ICI] had bargaining rights, regularly and routinely subcontract for traffic control work with companies who are not signatory to an agreement with the [Defendant] Laborers, but are signatory to a labor agreement with another labor organization." The stated purpose of the MOU was to clarify the Defendants ICI-Laborers Sub-Contractor clause in the 2004 Agreement to require ICI employers to subcontract highway control work only to subcontractors that have a collective bargaining relationship with Defendant Laborers.

44.     Paragraph 1 of the MOU provides that for all work bid after May 25, 2004, contractors shall not sub-contract any work to any person or entity that does not have an existing labor agreement with Defendant Laborers, or that will not sign an agreement with Defendant Laborers, except as set forth in paragraphs 2 and 3 of the MOU.

45.     Paragraph 2 of the MOU provides that ICI contractors bound by the 2004 Agreement will be allowed, until January 1, 2006, to subcontract for traffic control work to companies that are not party to a labor agreement with Defendant Laborers so long as (a) the

14

subcontractor had a labor agreement with a labor organization which covers traffic control work within Defendant Laborers' jurisdiction, such agreement being in effect prior to April 1, 2004, and (b) the subcontractor performed work for that particular ICI contractor between April 1, 2003 and April 1, 2004.

46. Paragraph 3 of the MOU defines traffic control site work as including, but not necessarily limited to, among other things line removal and surface preparation, driving of assigned vehicles on site, traffic control services, and installation and ongoing site maintenance of signs and traffic control devices.

47. In accordance with paragraph 5 of the MOU, starting on January 1, 2006, the exception set forth in paragraph 2 of the MOU will no longer be in effect. Pursuant to paragraph 5 of the MOU, commencing January 1, 2006, ICI contractors can only sub-contract the traffic control work as so defined in the MOU to entities that have a labor agreement with Defendant Laborers or are willing to sign a labor agreement with Defendant Laborers covering such work. Accordingly, commencing January 1, 2006, ICI contractors are prohibited from sub-contracting such traffic control work to any entity that is not a party to a labor agreement with Defendant Laborers and will not become – for whatever reason – a party to a labor agreement with Defendant Laborers. There is no limitation on the scope of work contained in the MOU and, accordingly, the MOU requires that a highway traffic control contractor maintain or agree to maintain a collective bargaining relationship with Defendant Laborers irrespective of any other bargaining relationship or the fact that the traffic control work performed by United Rentals is not "on site construction" as that term is defined under federal labor law.

48. On August 13, 2004, Charles V. Kahl, Executive Director of the Labor Relations Division of Defendant ICI, issued a Memorandum to all ICI Contractors and Subcontractors

concerning the MOU. A copy of Mr. Kahl's August 13, 2004 Memorandum is attached hereto as Exhibit D. Mr. Kahl's memorandum confirmed that the Sub-Contractor clause in the 2004 Agreement will be effective for all work bid after May 25, 2004.

49.     However, Mr. Kahl's August 13, 2004 Memorandum further confirmed that up until December 31, 2005, a contractor may use a traffic control subcontractor who is not party to a labor agreement with Defendant Laborers so long as the traffic control subcontractor is party to a labor agreement with another labor organization, which agreement was in effect prior to April 1, 2004, and so long as the subcontractor performed work for the contractor between April 1, 2003 and April 1, 2004.

50.     Mr. Kahl's August 13, 2004 Memorandum confirmed that beginning January 1, 2006, the Sub-Contractor clause as set forth in the 2004 Agreement would be applicable to all subcontractors, including those traffic control subcontractors who have labor agreements with organizations other than Defendant Laborers.

51.     Accordingly, pursuant to the terms of the MOU, if a traffic control subcontractor performed work for an ICI member between April 1, 2003 and April 1, 2004, then the Sub-Contractor provision in the 2004 Agreement takes effect January 1, 2006 for work performed between those two entities. If a traffic control subcontractor had not contracted with a particular ICI member between April 1, 2003 and April 1, 2004, then the Sub-Contractor clause in the 2004 Agreement goes into effect May 25, 2004.

52.     Defendants construe all of or at least the vast majority of United Rentals' work to be on site construction work and require United Rentals and other highway traffic control employers to sign a collective bargaining agreement with the Laborers covering all of their work

16

before such companies, including United Rentals, would be permitted to contract with any of the ICI Contractors for any work.

53.     As to United Rentals, the Sub-Contractor clause in the 2004 Agreement would take effect at different periods of time with different ICI Contractors depending upon whether that contractor had subcontracted work to United Rentals during the April 1, 2003 to April 1 2004 period referenced in the MOU. Between April 1, 2003 and April 1, 2004, Plaintiff United Rentals did not perform work for 15 out of the 34 ICI Contractors. The 15 ICI Contractors for whom Plaintiff United Rentals has not done any work between April 1, 2003 and April 1, 2004 are: Baker Concrete Construction, Inc., Earth Images, Inc., Fox Contractors Corp., Gaunt & Sons Asphalt, Inc., Hi-Way Paving, Inc., Koester Contracting Corp., Lutgring Bros., Inc., Mohr Construction Co., Inc., Poindexter Excavating, Inc., Quanta Services, Inc., J.H. Rudolph & Co., Inc., Sims & Pedigo Co., Inc., Slusser's Green Thumb, Inc., Specialties Company, LLC, and Weitzel Construction Co., Inc.

54.     Plaintiff United Rentals has performed work for ICI member Milestone Contractors, L.P. between April 1, 2003 and April 1, 2004. Accordingly, pursuant to the terms of the MOU, the Sub-Contractor provision of the 2004 Agreement should not apply to work performed by United Rentals for Milestone Contractors, L.P. until January 1, 2006. This notwithstanding, on March 14, 2005, Jim Terry, President and Field Representative of Local 274, informed United Rentals that it had been chosen to perform highway traffic control work for a project to be performed by Milestone Contractors, L.P. and that he wanted to talk about the "mandatory signatory clause" and that Mr. Terry said "it would benefit us both to sit down and talk."

17

55.     The 2004 Agreement, the MOU, Mr. Kahl's August 13, 2004 Memorandum, and the statement by Mr. Terry constitute coercion. Mr. Kahl's memorandum accompanying the MOU directed to the contractors and subcontractors and Mr. Terry's statement to United Rentals constitute an overt act intended to advance the conspiracy and to restrain competition over the highway traffic control market.

56.     Since approximately April 2004, the Defendants have combined and conspired with each other, and, upon information and belief, others presently unidentified, to carry out a common plan to exclude United Rentals from the market for highway traffic control work in the State of Indiana. Defendants ICI and Laborers have served as active participants and leaders of the conspiracy and Defendant ICI has communicated with the ICI Contractors, on behalf of Defendants ICI and Laborers, to coordinate and implement the conspiracy.

57.     The acts of Defendants constitute a horizontal agreement, group boycott and /or concerted refusal to deal with United Rentals.

58.     Defendants' unlawful conspiratorial actions will benefit Defendant Laborers, Defendant ICI and the ICI Contractors, and Plaintiff United Rentals' competitor which has a labor agreement with Defendant Laborers, in the form of new and/or increased work, increased power and prestige, decreased competition, and upon information and belief, union concessions and labor peace at the expense of United Rentals, which has no legal relationship with the defendants.

59.     Defendants have carried out their illicit activities by agreeing, conspiring and entering into improper and illegal horizontal agreements amongst themselves, and upon information and belief others not presently identified. In this respect, Defendants have improperly and unlawfully used their market power in the highway construction market for the

purpose and effect of extending their reach into the highway traffic control market, thereby eliminating competition in the highway traffic control market and preventing United Rentals from performing any work for ICI Contractors. Defendants have engaged in a group boycott of United Rentals. Defendants have been able to implement their combination and conspiracy due to Defendant ICI's and Laborers' market power in the highway construction market.

60.     As a result of the Sub-Contractor provision in the 2004 Agreement and the MOU, Defendants are unlawfully attempting to exercise market power in the separate market for the performance of highway traffic control work in the State of Indiana.

61.     Plaintiff United Rentals is legally prohibited from signing a labor agreement with Defendant Laborers, because Plaintiff United Rentals has a collective bargaining relationship with another labor organization, CLA, which has been certified pursuant to Section 9 of the NLRA as the exclusive collective bargaining representative for United Rentals.

62.     Defendants' unlawful conduct has been directed at Plaintiff United Rentals and will injure Plaintiff United Rentals in its trade or business.

63.     As a result of the Sub-Contractor provision in the 2004 Agreement and the MOU, Plaintiff United Rentals is barred from performing traffic control work for 15 ICI Contractors, as United Rentals did not work for those ICI Contractors between April 1, 2003 and April 1, 2004.

64.     As a result of the Sub-Contractor provision in the 2004 Agreement and the MOU, effective January 1, 2006, Plaintiff United Rentals is barred from performing any traffic control work for any ICI Contractor, as Plaintiff United Rentals has a bargaining relationship with CLA which cannot be abrogated.

65.     Despite the January 1, 2006 effective date set forth in the MOU as it pertains to ICI Contractors with whom United Rentals has done work between April 1, 2003 and April 1,

19

2004, Defendant Laborers is nevertheless enforcing the Sub-Contractor provision of the 2004 Agreement against United Rentals with respect to such ICI Contractors, thereby preventing United Rentals from performing highway traffic control work.

66.    The Sub-Contractor provision in the 2004 Agreement will force Plaintiff United Rentals out of business in the State of Indiana, thereby excluding United Rentals from the market.

67.    Defendants' unlawful actions have and will continue to (a) unreasonably restrain trade in the market for the performance of highway traffic control work in the State of Indiana; (b) harm and eliminate competition in the market for highway traffic control work in the State of Indiana by improperly excluding Plaintiff United Rentals from bidding on and performing highway traffic control work; (c) exclude Plaintiff United Rentals, and its employees represented by CLA, from bidding on highway traffic control work in the State of Indiana; (d) improperly and unlawfully divert to ICI Contractors or those contractors coerced into signing a collective bargaining agreement with Defendant Laborers work which could have reasonably been awarded to United Rentals or those contractors similarly situated; and (e) prevent Plaintiff United Rentals from performing traffic control work for any ICI Contractor.

68.    The work performed by Plaintiff United Rentals and those similarly situated is not work historically performed by ICI Contractors and, accordingly, contrary to the language of the MOU and the subcontractor clause, is not "work preservation" but is, rather, "secondary" in nature intended to expand the scope of Defendants ICI and Laborers work.

69.    The scheme employed by the Defendants constitutes an illegal hot cargo agreement and is not protected by the construction industry proviso of Section 8(e) of the NLRA.

70.    The conduct of Defendants created a group boycott and/or concerted refusal to deal with United Rentals.

71.    The general public has been and will continue to be injured by the Defendants' illegal actions.  Unless enjoined and remedied, the Defendants' illegal activity will continue to cause significant injury to competition.

72.    The foregoing events and incidents are part of, and were carried out by and on behalf of the Defendants, as part of their common plan and scheme for the purpose and effect of excluding Plaintiff United Rentals from the highway traffic control market in the State of Indiana and to use their market power over the highway construction market in the State of Indiana to extend their presence into, and dominate, the highway traffic control market in the State of Indiana as well.

COUNT ONE
VIOLATION OF SECTION 1 OF THE SHERMAN ACT

73.    Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs 1 through 72 as if fully set forth herein.

74.    Beginning in April 2004 and continuing, Defendants have engaged in an unlawful contract, combination and conspiracy that unreasonably restrains interstate trade and commerce, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Defendants' conduct is an illegal horizontal agreement, resulting in a group boycott and/or concerted refusal to deal.

75.    The unlawful contract, combination and conspiracy consists of a continuing agreement, understanding, concert of action, and common plan and scheme between and among Defendants and, upon information and belief, others, with the specific intention and purpose and effect of restraining and preventing Plaintiff from competing in the highway traffic control market in the State of Indiana.  Defendant Laborers benefit by expanding its jurisdiction into an

21

industry where it has historically not participated, at least in Indiana, and has done so without engaging in a lawful organizing drive. Defendant Laborers has unjustly enriched or will unjustly enrich its treasury by increasing its membership and gaining representation of employees without their right to exercise their NLRA Section 7 rights. Defendant ICI and the ICI Contractors benefit from the conspiracy and concerted course of conduct by, among other things, restricting or eliminating competition and reducing the number of companies performing this work, and through concessions addressed in bargaining with Defendant Laborers. Defendant ICI will be further enriched by the increased work being performed by its member contractors through higher dues and larger contributions to its general treasury and its Industry Advancement Fund.

76.    The Defendants' illegal conspiracy was also formed for the purpose and effect of fixing the price of highway traffic control work within the State of Indiana.

77.    Additionally, the Defendants' illegal actions unreasonably restrain trade and adversely affect interstate commerce in the highway traffic control market in the State of Indiana by concertedly limiting and restricting Plaintiff's ability to pursue its trade and business and by limiting Plaintiff's ability to expand its presence and business in the highway traffic control market.

78.    As a direct and proximate result of Defendants' conduct, Plaintiff United Rentals has been and/or shall be injured in its business and property as a result of Defendants' violation of Section 1 of the Sherman Act in that it has been and/or shall be: (a) unlawfully precluded from bidding on highway traffic control work; (b) hampered in its ability to market its services and expand its presence in the highway traffic control market in the State of Indiana; (c) confronted with a disincentive to bid; (d) denied work; and (e) given the Hobson's choice of either

attempting to abrogate its lawful agreement with CLA or to cease doing business within the State of Indiana.

79.     Defendants' actions have caused an injury to competition in the market for highway traffic control work in the State of Indiana, and Plaintiff's injuries are of the type that the antitrust laws were intended to prevent and flow from that which makes the Defendants' acts unlawful.

80.     The specific amount of damages suffered by the Plaintiff will be established by proof adduced in this action.

COUNT TWO
RESTRAINT OF TRADE IN VIOLATION OF INDIANA ANTITRUST STATUTE

81.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs 1 through 80 as if fully set forth herein.

82.     Beginning in April 2004 and continuing, Defendants have engaged in an unlawful scheme, contract, combination and conspiracy that unreasonably restrains trade and commerce, in violation of Indiana law, Indiana Code § 24-1-2-1. Defendants' conduct is an illegal horizontal agreement resulting in a group boycott and/or concerted refusal to deal.

83.     The unlawful scheme, contract, combination and conspiracy consists of a continuing agreement, understanding, concert of action, and common plan and scheme between and among Defendants and upon information and belief, others, with the specific intention and purpose and effect of restraining and preventing Plaintiff from competing in the highway traffic control market in the State of Indiana. Defendant Laborers benefit by expanding its jurisdiction into an industry where it has historically not participated, at least in Indiana, and has done so without engaging in a lawful organizing drive. Defendant Laborers has unjustly enriched or will unjustly enrich its treasury by increasing its membership and gaining representation of

23

employees without their right to exercise their NLRA Section 7 rights. Defendant ICI and the ICI Contractors benefit from the conspiracy and concerted course of conduct by, among other things, restricting or eliminating competition and reducing the number of companies performing this work, and through concessions addressed in bargaining with Defendant Laborers. Defendant ICI will be further enriched by the increased work being performed by its member contractors through higher dues and larger contributions to its general treasury and its Industry Advancement Fund.

84. The Defendants' illegal conspiracy was also formed for the purpose and effect of fixing the price of highway traffic control work within the State of Indiana.

85. Additionally, the Defendants' illegal actions unreasonably restrain trade and adversely affect commerce in the highway traffic control market in the State of Indiana by limiting and restricting Plaintiff's ability to pursue its trade and business and by limiting Plaintiff's ability to expand its presence and business in the highway traffic control market.

86. As a direct and proximate result of Defendants' conduct, Plaintiff United Rentals has been and/or shall be injured in its business and property as a result of Defendants' violation of Indiana Code § 24-1-2-1 in that it has been and/or shall be: (a) unlawfully precluded from bidding on highway traffic control work; (b) hampered in its ability to market its services and expand its presence in the highway traffic control market in the State of Indiana; (c) confronted with a disincentive to bid; (d) denied work; and (e) given the Hobson's choice of either attempting to abrogate its lawful agreement with CLA or to cease doing business within the State of Indiana.

87. Defendants' actions have caused an injury to competition in the market for highway traffic control work in the State of Indiana, and Plaintiff's injuries are of the type that

24

the Indiana antitrust laws were intended to prevent and flow from that which makes the Defendants' acts unlawful.

88.     The specific amount of damages suffered by the Plaintiff will be established by proof adduced in this action.

## COUNT THREE
## VIOLATION OF INDIANA CODE § 24-1-2-3

89.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs 1 through 88 as if fully set forth herein.

90.     Based on the foregoing conduct, beginning in April 2004 and continuing, Defendants engaged in an unlawful scheme, contract or combination to restrain or restrict bidding for the letting of any contract for highway traffic control work within the State of Indiana, in violation of Indiana Code § 24-1-2-3.

91.     Based on the foregoing conduct, beginning in April 2004 and continuing, Defendants intentionally engaged in an unlawful scheme, contract or combination that restricts free competition for the letting of any contract for highway traffic control work within the State of Indiana, in violation of Indiana Code § 24-1-2-3. Defendant ICI and the ICI Contractors shall benefit from the conspiracy and concerted course of conduct by, among other things, restricting or eliminating competition and reducing the number of companies performing this work, and through concessions addressed in bargaining with Defendant Laborers. Defendant ICI will be further enriched by the increased work being performed by its member contractors through higher dues and larger contributions to its general treasury and its Industry Advancement Fund.

92.     As a direct and proximate result of Defendants' conduct, Plaintiff United Rentals has been and/or shall be injured in its business and property as a result of Defendants' violation of Indiana Code § 24-1-2-3 in that it has been and/or shall be: (a) unlawfully precluded from

25

bidding on highway traffic control work; (b) hampered in its ability to market its services and

expand its presence in the highway traffic control market in the State of Indiana; (c) confronted

with a disincentive to bid; (d) denied work; and (e) given the Hobson's choice of either

attempting to abrogate its lawful agreement with CLA or to cease doing business within the State

of Indiana.

93.     Defendants' actions have caused an injury to competition in the market for

highway traffic control work in the State of Indiana and Plaintiff's injuries are the type the

Indiana antitrust laws were intended to prevent and flow from that which makes Defendants' acts

unlawful.

94.     The specific amount of damages suffered by Plaintiff will be established by proof

adduced in this action.

COUNT FOUR
SECTION 303 OF THE LABOR MANAGEMENT RELATIONS ACT
(Against Defendant Laborers)

95.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs

1 through 94 as if fully set forth herein.

96.     Based on the foregoing conduct, including but not limited to the 2004 Agreement,

the publication of the MOU accompanied by Mr. Kahl's August 13, 2004 Memorandum to the

ICI Contractors and Subcontractors of highway traffic control work, and Mr. Terry's statement

to United Rentals, Defendant Laborers has threatened, coerced and restrained Plaintiff United

Rentals, in violation of Section 8(b)(4)(ii)(A), (B) and (C) of the NLRA, 29 U.S.C. §

158(b)(4)(ii)(A), (B) and (C), with the object to (a) force or require Plaintiff United Rentals to

enter into an agreement which is prohibited by Section 8(e) of the NLRA, 29 U.S.C. § 158(e);

(b) force or require certain ICI Contractors to cease doing business with Plaintiff United Rentals

26

and to force or require Plaintiff United Rentals to recognize or bargain with locals of Defendant Laborers, where such local labor organizations have not been certified as the representative of employees of Plaintiff United Rentals under Section 9 of the NLRA; and (c) force or require Plaintiff United Rentals to recognize and bargain and sign a labor agreement with local unions of Defendant Laborers, when Plaintiff United Rentals has an ongoing collective bargaining relationship with CLA, which was certified as the representative pursuant to Section 9 of the NLRA.

97.     Based on the foregoing conduct, Defendant Laborers engaged in such activity with the intent of injuring Plaintiff United Rentals and disrupting United Rentals' business.

98.     As a direct and proximate result of Defendant Laborers' conduct, Plaintiff United Rentals has and shall suffer damages, including but not limited to, lost bid opportunities, lost revenue and profits, and lost contracts.

COUNT FIVE
TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

99.     Plaintiff United Rentals repeats, realleges and incorporates by reference the foregoing paragraphs 1 through 98 as if fully set forth herein.

100.    As set forth above, Plaintiff United Rentals has business relationships with the United States government, the State of Indiana and local jurisdictions within the State of Indiana contracting for highway construction work.

101.    As set forth above, Defendants knew of and were aware of Plaintiff United Rentals' business relationships with the United States government, State of Indiana and local jurisdictions within the State of Indiana.

102.     Based on the foregoing conduct, Defendants intentionally interfered with Plaintiff United Rentals' business relationships with the United States government, State of Indiana and local jurisdictions within the State of Indiana.

103.     Defendants lacked any justification for their interference with Plaintiff United Rentals' business relationships.

104.     Defendants acted wrongfully and illegally in engaging in the foregoing conduct to interfere with Plaintiff United Rentals' business relationships.

105.     As a direct and proximate result of Defendants' conduct, Plaintiff United Rentals has suffered damages.

INJUNCTIVE RELIEF

106.     Unless restrained, Defendants will continue to engage in their unlawful and injurious conduct as outlined above.  Without the imposition of injunctive relief, Plaintiff will not be able to obtain complete relief from Defendants' wrongful and illegal actions, and the danger of irreparable damage or loss is immediate.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in Plaintiff's favor, and against Defendants, on the above counts and further:

(a)     Enter a declaration that the Sub-Contractor provision in the 2004 Agreement is illegal and void;

(b)     Enter a declaration that the MOU is illegal and void;

(c)     Enter a declaration that Defendants have violated and are violating Section 1 of the Sherman Act, 15 U.S.C. § 1;

28

(d)     Enter an award requiring Defendants, jointly and severally, to pay damages in the amount sustained by Plaintiff as a result of Defendants' violation of Section 1 of the Sherman Act, including treble damages to Plaintiff, costs, attorneys' fees, and interest, pursuant to 15 U.S.C. § 15;

(e)     Enter a declaration that Defendants have violated and are violating Indiana Code §§ 24-1-2-1, and 24-1-2-3;

(f)     Enter an award requiring Defendants, jointly and severally, to pay damages in the amount sustained by Plaintiff as a result of Defendants' violation of Indiana Code § 24-1-2-1, including treble damages to Plaintiff, costs and attorneys' fees, pursuant to Indiana Code § 24-1-2-7;

(g)     Enter an award requiring Defendants, jointly and severally, to pay damages in the amount sustained by Plaintiff as a result of Defendants' violation of Indiana Code § 24-1-2-3, including treble damages to Plaintiff, costs and attorneys' fees, pursuant to Indiana Code § 24-1-2-7;

(h)     Enter a declaration that Defendant Laborers has violated and is violating Section 303(a) of the Labor Management Relations Act, 29 U.S.C. § 187(a), and enter an award requiring Defendant Laborers to pay damages in the amount sustained by Plaintiff United Rentals as a result of Defendant Laborers' coercive conduct, including costs, pursuant to Section 303(b) of the Labor Management Relations Act, 29 U.S.C. § 187(b);

(i)     Enter a declaration that Defendants have committed and are committing the common law tort of tortious interference with prospective economic advantage, and enter an award requiring Defendants to pay damages in the amount sustained by Plaintiff United Rentals, including punitive damages;

(j)     Enter an Order preliminarily and permanently enjoining and restraining

Defendants, their officers, directors, agents, employees, successors, and all other persons acting

in concert with them or under their direction and control or acting or claiming to act on their

behalf from, in any manner, directly or indirectly, continuing, maintaining or renewing their

combination and conspiracy, or from engaging in any other combination, contract, conspiracy,

agreement, understanding or concert of action having a similar purpose or effect, or from

adopting or following any practice, plan, program, or device having a similar purpose or effect;

(k)     Award Plaintiff its costs, pre-judgment and post-judgment interest, and attorneys'

fees;

(l)     Award Plaintiff such further and additional relief as the Court may deem just and

proper.

Respectfully submitted,

John R. Maley
Shannon M. Shaw
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone:  (317) 231-7464
Facsimile:  (317) 231-7433
E-mail:  john.maley@btlaw.com
             shannon.shaw@btlaw.com

Ira Michael Shepard
Gary L. Lieber
Anessa Abrams
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037
Telephone:  (202) 333-8800
Facsimile:  (202) 625-3301

Attorneys for Plaintiff

30

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED RENTALS HIGHWAY | : | |
| TECHNOLOGIES, INC., | : | |
| | : | Civil Action No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| INDIANA CONSTRUCTORS, INC., et al.. | : | |
| | : | |
| Defendants. | : | |

### INDEX OF EXHIBITS TO COMPLAINT

Exhibit A       Article I, entitled "Coverage," from Agreement between Defendants ICI and Laborers, effective April 1, 2004 through March 31, 2009

Exhibit B       Article XXV, entitled "Sub-Contractor," from Agreement between Defendants ICI and Laborers, effective April 1, 2004 through March 31, 2009

Exhibit C       Memorandum of Understanding

Exhibit D       August 13, 2004 Memorandum from Charles V. Kahl, Executive Director of the Labor Relations Division of ICI to all ICI Contractors and Subcontractors